# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE LORRAINE SABETTA, et al., | No. CIV S-11-2144-MCE-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| SCOTT JONES, | |
| Respondent. | |
| _____/ | |

Petitioner Sabetta[1] appears to be a state pretrial detainee, bringing this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief. Petitioner is a pretrial detainee being held at the Sacramento County Jail. She appears to be challenging the

---

[1] In addition, it appears that petition was signed by Ms. Sabetta's husband, Karl Frederick Wichelman, who also refers to himself as a petitioner, but who apparently is not in custody. To the extent the petition is filed on behalf of petitioner Wichelman, it does not appear that he would meet the "in custody" requirement of 28 U.S.C. § 2254.

amount of time she has been held at the jail, the amount of her bail, and the charges filed against her.

This court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State Court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Principles of comity and federalism require that this court abstain and not entertain petitioner's pre-conviction habeas challenge unless she shows that: (1) she has exhausted available state judicial remedies, and (2) "special circumstances" warrant federal intervention. See Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.1980). Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other special circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate. See id. at 84 (citing Perez v. Ledesma, 401 U.S. 82, 85 (1971)).

In this petition, there is no such showing of "special circumstances" warranting federal intervention before the trial is held and any appeal is completed. See id. Although petitioner claims she has been wronged by an excessive amount of bail, has been held for an excessive amount of time, and challenges the charges levied against her, there is no support for any of those claims in the petition. The petition contains the arrest report and supporting documents, all of which indicate petitioner was arrested for driving under the influence, with a blood alcohol level of 0.39%. The petition also indicates that petitioner has an attorney, and is currently being represented by the public defenders' office. Finally, there is no showing that any of petitioner's state remedies have been exhausted.

Based on the foregoing, the undersigned recommends that the petition for a writ of habeas corpus be summarily dismissed, without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days

1 after being served with these findings and recommendations, any party may file written
2 objections with the court.  Responses to objections shall be filed within 14 days after service of
3 objections.  Failure to file objections within the specified time may waive the right to appeal.
4 <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

 DATED: October 18, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE